IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff

  vs                                  Case No. CR-3-05-150(2)
                                        Judge Thomas M. Rose

DONYELL COX

    Defendant

_____

ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL (Doc. #95)

_____

This matter comes before the Court pursuant to Defendant's Motion for New Trial (Doc. #95) filed April 7, 2006. Said Motion asserts three separate grounds for granting Defendant a new trial in the interests of justice: 1) newly discovered evidence; 2) reckless disregard by government agents of the veracity of a cooperating witness and 3) the integrity of a criminal trial and the untainted administration of justice.

Specifically, Defendant asserts that it has been clearly demonstrated, by the proffered testimony of a co-conspirator, Mack R. Brashers, Jr., obtained subsequent to Defendant's conviction, that a government witness, Sheila Norvell, lied when she testified at Defendant's trial. He further asserts that the Government would concede that this same witness, Sheila Norvell, gave false testimony at grand jury.

These falsehoods were: (1) the fact that Norvell omitted revealing how the co-conspirator, Mack R. Brashers conspired with her to "rip off" another Defendant, Larry Beasley, of his two kilograms of cocaine and ultimately split the drug proceeds from the sale and (2) that she

supposedly met an individual identified as "G" at a local West Dayton night club known as Napoleon's Place to whom she sold Beasley's two kilograms of cocaine for $15,000.

Defendant argues that these revelations do go directly to Norvell's veracity and credibility in relating her version of the events, which he had attacked from the beginning.  Defendant specifically asserts that these revelations would impact the Court's conclusion that Ms. Norvell knew Mr. Cox previously and that they had spent time together.  Although Norvell's testimony did indicate such a casual relationship and contact, Defendant points out Mack Brashers, a co-conspirator indicated that he did not know Defendant Cox or was aware of him participating with Defendant Beasley in a conspiracy and/or the distribution of illegal narcotics.

A Motion for a New trial based upon newly discovered evidence rests with the sound discretion of that Court.  A defendant must show such new evidence (1) was discovered after the trial, (2) could not have been discovered earlier through due diligence, (3) is material and not merely cumulative or impeaching and (4) would likely produce an acquittal if the case were retried.  United States v. Barlow, 693 F.2d 954, 966 (6th Cir 1982), cert denied, 461 U.S. 945 (1983).

It has been shown to this Court's satisfaction that Ms. Norvell's specific statements concerning the "rip off" and "G" were indeed false.  It is also clear to this Court that these falsehoods were only discovered after the conclusion of the Defendant's trial and that there is no showing that the falsehoods could have been discovered by due diligence.  However, questions remain as to whether said evidence is material, not merely cumulative or impeaching and would likely produce an acquittal if retried.  These matters require further analysis.

The Defendant contends that this newly discovered evidence is not merely impeaching but goes to the entire destruction of the evidence on which the verdict was founded, by showing essentially that this Court's judgment was based on mistake or perjury.  Citing Mesarosh v. United

States, (1956) 352 U.S. 1, the Defendant argues that "the United States Government will not permit the conviction of any person on tainted testimony".

However, Mesarosh was a case which was tried by a jury. Once it was determined that witnesses, in that case, committed perjury in testifying in other cases on subject matter substantially like that of their testimony before that court the trier of fact must duly take that fact into account. The court in Mesarosh concluded that when an original trier of fact is a jury only it can determine what it would do with a different body of evidence. Once the case is concluded and a verdict returned, the jury can no longer act. Faced with this situation, the court in Mesarosh reversed the judgment and remanded for new trial.

Here the trial was to the Court. In a criminal case where the judge is the finder of fact, the judge is the one to determine if there was sufficient other evidence, excepting out the false statements, to sustain a conviction on the resulting and different body of evidence.

In analyzing the evidence, the Court would conclude that the two statements made by Norvell and found to be false were not, in and of themselves material to the Court's considerations and findings. Norvell's statements as to the attempted "rip off" and the individual identified as "G" had nothing to do with Defendant Cox. There was no testimony and/or evidence that indicated he was involved in or had knowledge of those particular falsifications or the alleged scheme between Norvell and Brashers. In considering the Defendant's case, those specific statements as presented at trial were in no way material to the Court's consideration and verdict.

Although not material to its consideration, the false statements raise a question as to the credibility and veracity of Norvell's testimony as a whole. As the trier of fact, the Judge is faced with the problem of what weight to be given to the testimony of each witness. As any trier of fact, he may believe all, part or none of what a witness testified to in Court. In this situation, Ms. Norvell was a co-conspirator and was assessed as to credibility with great care.

Defendant argues and the Court understands Defendant's argument that "if you lie about one thing, you lie about everything".  However, the Court, as previously stated, as a trier of fact, must judge each statement in light of all evidence and make it's judgment accordingly, assigning a different weight not only to each witness's testimony, but on many occasions to portions of one witness's testimony. In this particular case the court did carefully consider each portion of Norvell's testimony and did so in light of what the Government characterized as "vigorous cross-examination by counsel for Defendant. Although this court was skeptical about portions of Norvell's testimony including those portions that have now been revealed as false, the court did not consider those statements material. The court did, however, in considering Norvell's testimony with regard to Defendant, find it to be material, credible and not inconsistent with the other evidence and testimony.

After considering the totality of the case, the Court did not and does not consider the new evidence of these false statements material.  The Court further concludes, as the trier of fact, that these revelations would not have resulted in an acquittal of Defendant Cox.

Defendant's Motion for New Trial (Doc.# 95) is Denied.

IT IS SO ORDERED.


May 14, 2007                                              s/THOMAS M. ROSE


                                                          _____
                                                              Thomas M. Rose, Judge
                                                              United States District Court